R. H. WEST, vs. R. E. BURKE, ET. AL.

SUPREME COURT, AUSTIN TERM, 1883.

Appeal from Dallas County.
*Eblin, and Robertson*, for appellants.

*Commissioners' Court—Absence of County Judge—Quorum.*—It is provided that
three members of the commissioners' court, including the county judge, may con-
stitute a quorum, but there is no intimation in  the law  that during the  absence
of the county judge less than the whole number of commissioners can constitute a
quorum for the transaction of business.

STATEMENT.

This suit was brought by appellant  January 16th, 1879.   The pe-
tition alleges that from the  first day of  February 1877  to the  18th,
day of November 1877, the plaintiff was county judge of Dallas coun-
ty; that on February 17th,1877 the commissioners' court of said coun-
ty made and  entered an  order  appropriating to  plaintiff as  county
judge, for services not otherwise provided for,  the sum  of $900. per
annum, payable monthly at the rate of $75. per month; that pursuant
to said order the  county clerk  (who is made one of the  defendants
regularly issued to plaintiff his warrant upon  the county  treasurer
for each month for the sum of $75. untill the 1st, of December 1877;
that said warrants were paid by the county treasurer.   It is further

alleged that since the 1st. day of December 1877, said clerk has refused to issue to plaintiff the warrants as before upon the pretext that upon said day the county commissioners' court revoked the order making said allowance to plaintiff. The petition further charges that this revoking order was not valid because not made by competent authority—a quorum of said court not being present—there being only three commissioners present and the county judge not being present at the meeting.

The plaintiff further charges that even if the three members constituted a quorum still there was no power in the court to revoke the former order making the allowance to him.

Prayer for the writ of mandamus to compel the clerk to issue the warrants upon the treasurer in plaintiff's favor. The county judge was also made a party.

The two orders (viz.) the order making the appropriation for the judge, and the order revoking the former one are appended to the petition. January 25th, 1879, a general demurrer was filed by defendants, and on the same day sustained; plaintiff appealed. The assignments of error are that the court erred :

1st. In sustaining the demurrer.

2nd. In dismissing the cause at plaintiff's cost.

Opinion by Delaney, J.

The act of August 23rd, 1876, Sec. 6 (Laws 1876 p 286) aftter fixing the fees of the county judge for certain services, provides that he shall receive "for presiding over the county commissioners court, ordering elections and making returns and transacting all other county business not otherwise provided for, such sum as shall be allowed by the county commissioners court." In February 1877 the commissioners court of Dallas county made an order allowing to appellant as county judge, $900. per annum for the services above mentioned. On the first day of December following, three of the county commissioners assembled at a special term, revoked the preceeding order by an order entered of record. Appellant complains of this second order, and his counsel have argued here that it is invalid : 1st, because the commissioners' court having once made the order, could not revoke it during appellants term of office; 2nd, because the three commissioners who made the order of revoking, were not a court within the meaning of the law, and hence the latter order is null and void. We prefer not to determine the first of these questions, as it

is one of some interest, and its determination is not necessary to the decission of the case. The constitution (Art. 5, Sec. 18,) provided that the four commissioners, with the county judge as presiding officer, shall constitute the county commissioner's court. (Laws 1876, p. 53, Sec. 12), provides that any three members of the court, including the county judge, shall constitute a quorum.

From Sec, 11 of the act we conclude that the court may meet and transact business in the absence of the couty judge, and in that event some other member of the court may preside. (See also R. S. 1510.) Section 13 provides that the judge or any three of the commissioners may call special terms; but there is no intimation in the law, that in the absence of the judge, any member of the commissioners, less than the whole, shall constitute a quorum for the transaction of business. We conclude that the three members who made the order of December 1st, 1877, were not a court within the meaning of the statute, and that the order was void. Our opinion is that the judgment should be reversed, and the cause remanded.

The report of the commissioners of appeals examined, their opinion adopted and the judgment reversed and the cause remanded.

WILLIE, C. J.